HIRAM WHITMAN & another *vs.* BOSTON AND MAINE RAILROAD.

A petition to the mayor and aldermen of Boston for the assessment of damages was filed by two owners of land over which a railroad had been located, and an order of notice issued thereon. Some years afterwards, a new petition was filed by the administrator of one of the petitioners and the other petitioner, stating that the proceedings upon the first petition had been restrained by a suit in equity, since dismissed, and praying that such proceedings be had in the premises as were prayed for in the first petition. *Held,* that an adjudication by the mayor and aldermen upon the last petition was, in effect, an adjudication upon the first, and authorized the petitioner to apply to the superior court for a jury.

PETITION to the superior court of Suffolk, by Hiram Whitman, administrator of the estate of Joseph H. Bartlett, deceased, and Otis Minott, for a jury to assess the damages caused by the location of the respondents' road over land belonging to Bartlett and Minott, in Boston.

At the trial in that court at May term 1859, the petitioners produced the record of the mayor and aldermen of Boston, which showed the following proceedings : A petition by Bartlett and Minott, dated June 8th 1847, praying for the assessment of damages for the taking of their land by the respondents, under the Rev. Sts. *c.* 39, § 60, and an order of notice thereon : Also a petition by Whitman and Minott, dated March 30th 1858, reciting the previous petition ; and alleging that, on the 13th of July 1847 the Boston and Maine Railroad filed a bill in equity in this court, praying, among other things, that the petitioners might be restrained from prosecuting their claim before the mayor and aldermen until the termination of that suit, and that in consequence thereof proceedings on that petition were stayed ; that on the 29th of March 1858 the bill was dismissed ; that in 1853 Bartlett died, intestate, and Whitman was appointed administrator of his estate ; and praying that such proceedings be had in the premises as were prayed for in the first petition. Upon the second petition, the mayor and aldermen assessed nominal damages.

The respondents objected that the record of the mayor and aldermen showed no such adjudication upon the petition of Bartlett and Minott as authorized the petition to the superior

court; and *Morton,* J. so ruled, and dismissed the petition. The petitioners alleged exceptions.

*J. G. Abbott & H. C. Hutchins,* for the petitioners.

*B. F. Thomas & C. P. Judd,* for the respondents.

BIGELOW, C. J. We can see no essential informality or irregularity in these proceedings. The manifest purpose of the second petition was to give the history of the proceedings on the first petition, the reasons for the delay in acting upon it, to state the material events which had occurred during its pendency before the mayor and aldermen, and to ask that the prayer thereof might be granted. It was not a new and original petition, but in effect nothing more than a method adopted to revive, bring forward and renew the original petition, to suggest the death of one of the petitioners, to make his administrator a party to it, and to obtain a legal adjudication thereon. Viewed in this light, the whole was only one continuous legal proceeding; and the adjudication of the mayor and aldermen, construed, as it ought to be, in connection with all which preceded it on the same subject, forming the legal record of the case, was a determination on the matter embraced in the original petition. By a fair interpretation, the second petition was only incidental and supplemental to the first; and in acting upon it, the mayor and aldermen necessarily adjudicated upon the original petition, which was referred to and included within the second.                    *Exceptions sustained.*